IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE D. CURTIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0135-N |
| | § | |
| MP CONCEPTS 2, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Plaintiffs' motion to remand [11]. The Court grants the motion and awards Plaintiffs their attorneys' fees and costs.

This is the second trip to the federal courthouse for this case. After Plaintiffs filed their second amended petition in state court raising federal RICO claims, Defendant Bradley Woy timely removed, but did not obtain the consent of all defendants. Apparently becoming aware of the procedural defect, Defendant Joe Womack purportedly removed again in an attempt to cure the defect. The two cases were consolidated before Chief Judge Solis. In an order on January 5, 2016, Chief Judge Solis held that the first removal was procedurally defective due to the lack of consent of all defendants and remanded, and ruled that the second purported removal was a nullity as there was nothing in state court to remove. *See* Order, *Curtis v. Woy*, Civil Action No. 3:15-CV-1900-P [54].

Shortly after remand, Womack again removed to this Court, arguing that his 30 days to remove, *see* 28 U.S.C. § 1446(b), was equitably tolled while the case was pending in

ORDER – PAGE 1

federal court and it was impossible for him to remove. This is not a proper case for application of equitable tolling. Womack's problem is that he chose the wrong way to cure the lack of consent. What he should have done was file written consent within the time allowed for removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("there must be some timely filed written indication from each served defendant . . . that it has actually consented to" removal); *Hines v. AC and S, Inc.*, 128 F. Supp. 2d 1003 (N.D. Tex. 2001) (remanding in part because consents were filed after time for removal); *see generally* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 3730, at 440 n.11 (4th ed. 2009) (citing numerous cases holding, among other things, lack of unanimity can be cured by filing written consent within time for removal). Womack's procedural error is not a proper basis for equitable tolling. The removal was, therefore, untimely.

The Court, therefore, grants the motion and orders that this case be remanded to the 162nd Judicial District Court of the State of Texas in Dallas County, Texas. The Court finds that Womack did not have an objectively reasonable basis for believing the second removal was timely, *see Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), and therefore orders Womack to pay Plaintiffs' costs and actual expenses, including attorneys' fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). If the parties are unable to agree on the amount of such costs and expenses, Plaintiffs must file a motion for fees pursuant to Rule 54(d) within fourteen (14) days of the date of this Order.

Signed April 15, 2016.

_____
David C. Godbey
United States District Judge